JOHNSON POST v. THE UNITED STATES EXPRESS COM-
PANY.

*Negligence—Fast driving—Declaration—Submission of question to
jury.*

In this case, upon a review of the testimony and charge of the court,
it is *held:*

1. That the declaration contains sufficient matter to apprise the
defendant of plaintiff's claim that defendant's agent was guilty
of negligence in driving between the two railroad trains *at all* at
the *time* and under the *circumstances* where the accident occurred,
and that there was sufficient evidence to warrant the submission
of the question of negligence in *so doing* to the jury.

2. That there was evidence to go to the jury on the question of neg-
ligence in driving at a too high rate of speed.

3. That the charge of the court on the subject of contributory negli-
gence fairly submitted that question to the jury.

Error to Jackson. (Peck, J.) Argued June 14, 1889.
Decided October 18, 1889.

Negligence case. Defendant brings error. Affirmed. The
facts, and points of counsel *passed* upon by the Court, are
stated in the opinion.

*Hammond, Barkworth & Cobb,* for appellant.

*Blair, Wilson & Blair,* for plaintiff.

LONG, J. This is an action for negligence in driving a
certain horse and express wagon over and upon the plaintiff
near the Michigan Central depot, in the city of Jackson.

The cause was tried in the circuit court for the county of
Jackson, where the plaintiff had verdict and judgment for
the sum of $500. Defendant brings the case to this Court by
writ of error.

The declaration alleges, *substantially,* that on November 24, 1886, the plaintiff was traveling along upon a certain highway and public street in the city of Jackson, known as "Park Avenue," and that defendant's horse and wagon, which was then and there under the care, government, and direction of a certain servant of said defendant, were then and there passing and traveling along and upon the same highway. *Nevertheless,* the said defendant, by its said servant, then and there, while said plaintiff was exercising due and reasonable care and caution, so carelessly, negligently, and improperly drove, governed, and directed its said horse and said wagon that by and through the carelessness, negligence, and improper conduct of the said defendant, by its said servant, in that behalf, and without the fault of the plaintiff, the said horse and said wagon of the defendant then and there ran and struck with great force and violence against the said plaintiff, and thereby the said plaintiff was then and there thrown with great force and violence to and upon the ground there, and by means of the said several premises aforesaid the said plaintiff was then and there greatly hurt, etc.

The circumstances of the injury were detailed at some length by the witnesses who saw the injury inflicted, and the questions arising therefrom were submitted to the jury by the court.

The contention of counsel for the defendant is:

1. That there was no evidence of negligence in the particular averment in the declaration; that the horse was being driven in a proper manner, and was under full control, according to the evidence of all the witnesses, both for the plaintiff and defendant; that there was no evidence of any unusual or unreasonable rate of speed, and that the fact, as shown by the evidence, conclusively and without controversy shows that the horse was stopped, and Mr. Brown, the agent of defendant, who was driving the horse, had left the wagon, before the wheels of the wagon had reached the body of the plaintiff; that therefore, under the evidence and aver-

ments in the declaration, the case should not have been submitted to the jury.

2. That the court was in error in submitting to the jury the question whether it was negligence in the servant of the defendant in driving across the street at that particular time, and in the manner he did.[1]

The plaintiff's testimony tended to show that on November 24, 1886, the plaintiff, a man about 72 years of age, was passing from the Michigan Central freight depot to the baggage-room at the east end of the passenger depot, to reach which he was compelled to cross the tracks of the Michigan Central railroad; that he started from the north side of the freight house and proceeded west to the walk on the west line of Park avenue, then turned and crossed the track towards the depot on the west side of the planking, opposite the walk on the west line of Park avenue; and that when he had arrived at the north track of the Michigan Central railroad he was struck down by the defendant's horse and wagon.

It appears that, just before the accident, the Saginaw train stood upon the north track, taking on baggage, and blocked the street. At the same time the Grand River Valley train was approaching the depot from the west. The driver of defendant sat in his wagon, holding his horse, a few feet from the Saginaw train, waiting for it to move, so that he might cross the track to the south. These two trains were headed in opposite directions.

The defendant's driver claims that there was also a lone engine standing on the middle track on the east line of Park avenue, which was exhausting quite an amount of steam, and, as the Saginaw train backed up, he started his horse and wagon across the street, and just as the horse's head got to a point opposite this engine the wind puffed the steam

---

[1] Counsel for appellant cited in support of their contention the following authorities: *Hutchins v. Priestly E. W. & S. Co.*, 61 Mich. 252; *Potter v. F. & P. M. R. R. Co.*, 62 Id. 22; *Hartfield v. Roper*, 21 Wend. 615; *Cotton v. Wood*, 8 C. B. (N. S.) 568.

and smoke, and rolled it up over him, and at this moment he saw the plaintiff in front of his wagon, and he seemed to be crossing the track from the south side of the engine towards the depot, when the shaft of the wagon struck him, and threw him quartering between the wheels and the horse's heels. This witness says that his horse was a little nervous on account of the steam and smoke there, though he was a quiet horse generally, and had been driven there on the express wagon some three years or more.

The court charged the jury at great length, and with much particularity, upon the questions of negligence, and the grounds upon which plaintiff might recover in the case, if the facts supported plaintiff's theory. Among other matters, the court charged the jury as follows:

"The plaintiff alleges here that under the evidence it is shown that Mr. Brown was negligent and careless in two respects:

"1. In driving between the two trains and across the track at all at the time and under the circumstances where this accident occurred.   *   *   *   *   *   *   *

"2. He also claims that there was negligence in driving at a too high rate of speed."

It is insisted by defendant's counsel that the court was in error upon both these propositions.

It seems to us that upon the second proposition there can be no question but that there was some evidence to go to the jury, and that the question was very fairly submitted by the court. The agent of defendant testifies that the horse was nervous and prancing, and other evidence is given tending to show that he apparently hurried across the track; and we cannot say from the facts disclosed that this was not a question of fact for the jury.

Greater contention is made by counsel for the defendant, however, upon the first proposition. It is contended, first, that there is no sufficient averment in the declaration to war-

76 MICH.—37.

rant this part of the charge.    We think, however, the declaration contains sufficient matter to apprise the defendant of the claim made, that its agent was guilty of negligence in driving there at that particular time, and under the circumstances.

The declaration avers that the defendant, by its agent, so carelessly drove, governed, and directed its said horse and wagon that by and through the carelessness and improper conduct of said agent the said horse and wagon were driven over and upon the plaintiff while he (the said plaintiff) was lawfully, and with all due care and diligence, walking along the highway there.

There being sufficient averment in the declaration to warrant this portion of the charge, it is contended that the proofs did not warrant it; that if Mr. Brown, defendant's agent, was driving in a proper manner there, having full control of his horse, it was not negligence upon his part to drive across in front of these engines through this steam and smoke.    The determination of this question would depend upon all the surrounding circumstances as they actually existed at the time.    Some evidence was given that this was the usually traveled track for footmen in going to and from the Southern depot from the baggage-room of the Michigan Central depot, and that this was known to the defendant's agent.

There is also some evidence that from where defendant's agent was standing, holding his horse, waiting for the backing up of the Saginaw train, he could not see the position of plaintiff or any other person who might be passing there, and that immediately upon the backing of the train he started up his horse in the face of the steam and smoke, and drove in there, and over the plaintiff, inflicting the injuries complained of.    Under the circumstances here stated, we think it was a question of fact for the jury, and very fairly and very properly submitted to them.

The question of contributory negligence of the plaintiff we need not discuss. This question was stated by the court to the jury at great length, and we find no error in the charge.

The judgment of the court below must be affirmed, with costs.

The other Justices concurred.

